# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON *a/k/a* MACKAL B. MKFARSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:25-cv-01888-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(ECF Nos. 2, 11)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Michael Bruce Anthony McPherson, proceeding *pro se*, commenced this action on December 16, 2025. (ECF No. 1.) Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) From the application, the Court was unable to discern whether Plaintiff qualified to proceed *in forma pauperis* and therefore directed Plaintiff to either pay the filing fee or file a long form application. (ECF No. 6.) On March 12, 2026, Plaintiff timely filed a long form application. (ECF No. 11.) For the reasons discussed herein, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be ordered to pay the filing fee.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates that plaintiff is "unable to pay such fees or give security therefor." The right to proceed without

prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the District Court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

Plaintiff's long form application does not provide sufficient information for the Court to evaluate his eligibility. Throughout the application, Plaintiff responded "N/A" to most questions, and where text was provided, Plaintiff does not provide concrete financial information. For example, Question 12 states, "Provide any other information that will help explain why you cannot pay the costs of these proceedings." In response, Plaintiff wrote, "eyem Gad, Lord, Keng, Sahn AHV Man, Master, and thah Tre AHV Leyef, eye should'nt hav to pa for anetheng that everetheng is alrede meyen." (ECF No. 11, p. 8.) This response, among others, does not provide any information regarding Plaintiff's financial circumstances or inability to pay the filing fee. As a result, the Court cannot determine whether Plaintiff qualifies to proceed without prepayment of the filing fee. Because proceeding *in forma pauperis* is a privilege, not a right, and Plaintiff has not provided sufficient financial information for the Court to evaluate his eligibility, the Court will recommend denying the application to proceed *in forma pauperis*.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2, 11) be DENIED and Plaintiff be ordered to pay the $405.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiffs may file written objections to

this findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge