# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON, aka Makal B. Mkfarson,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:25-cv-1888 KES SAB<br><br>ORDER DISMISSING ACTION AS FRIVOLOUS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, TERMINATING FINDINGS AND RECOMMENDATIONS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 2, 11, 12 |

Michael Bruce Anthony McPherson, also known as Mikal B. Mkfarson, seeks to proceed in forma pauperis in this matter under 42 U.S.C § 1983. Plaintiff asserts the Department of Justice is liable for "human rights violations," including murder. Doc. 1 at 3. For the reasons set forth below, the Court finds the complaint is frivolous and the action is **DISMISSED** with prejudice.

## I.    SCREENING

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Moreover, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the

1

court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARDS

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see also Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court explained that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint is insufficient if it offers "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted).

## III.     ALLEGATIONS

Plaintiff names the Department of Justice as the sole defendant. Doc. 1 at 1. The only claim raised in the complaint is for "Human Rights Violations," and indicates the Department is liable for "murders." *Id.* at 3. Plaintiff asserts that he has evidence that the government has been committing "unlawful murders against [the] whole Afrakan race" from 1777 to the present time.

2

*Id.* He alleges that he also has information that will prove he is "God, Universe, King, and the World literally is all [his]." *Id.* at 6. contends, "All federal officials need to be executed by death or by force [or] put in a federal prison forever." *Id.* at 3; *see also id.* at 6.

## IV.    DISCUSSION AND ANALYSIS

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). The Court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted). Plaintiff's sole claim lacks a proper legal basis. Moreover, Plaintiff is unable to represent claims based upon the alleged harm to other individuals. For these reasons, the Court finds the complaint is frivolous.

To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as "God, Universe [and] King"—courts have rejected arguments premised on such ideology as frivolous and meritless. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejecting arguments premised on the sovereign ideology as "utterly meritless"); *United States v. Sterling*, 738 F.3d 228, 233, n.1 (11th Cir. 2013) (noting courts "summarily reject[]" as frivolous the legal theory of individuals who consider themselves sovereign and not subject to the jurisdiction of the courts); *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented"); *see also Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

## V.    CONCLUSION AND ORDER

As the complaint is frivolous, dismissal without leave to amend is appropriate. S*ee Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or

malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Where, as here, the complaint is frivolous, the "district court may deny leave to proceed in forma pauperis at the outset." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same). For this reason, the Court also denies Plaintiff's application to proceed in forma pauperis.

The Court **ORDERS**:

1.     Plaintiff's complaint is **DISMISSED** with prejudice.

2.     Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

3.     The findings and recommendations dated March 19, 2026 (Doc. 12) are terminated as **MOOT**.

4.     The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   April 6, 2026

UNITED STATES DISTRICT JUDGE